Filed 8/6/26  P. v. King CA1/4
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARAIJAH KING,<br><br>        Defendant and Appellant. | A173729<br><br>(Alameda County<br>Super. Ct. No. 25CR004727) |

Araijah King challenges the trial court's imposition of a $300 restitution fine under section 1202.4, subdivision (b) following her plea of no contest to one count of assault with force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)  She argues that section 1202.4 is unconstitutional because it prohibited the court from considering whether she had the ability to pay the $300 fine, while ability to pay is a relevant factor to an excessive fines challenge under the state and federal constitutions.  King makes this argument based substantially on *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*), which our Supreme Court decided while this appeal was pending and which clarified the law regarding challenges to restitution fines based on a defendant's inability to pay them.  We are not convinced that section 1202.4 is facially unconstitutional, but we will remand

1

this matter to the trial court to give King an opportunity to bring an as-applied challenge to the restitution fine under the excessive fines clauses of the Eighth Amendment and California Constitution. (Cal. Const., art. I, § 17.)

## BACKGROUND

In April 2025, King walked out of a store with over $400 in merchandise without paying.[1] A witness followed King to the parking lot and began taking pictures of her and her vehicle, which was stolen. King backed out of the parking stall and drove towards the witness as the witness stood on the sidewalk. King drove onto the sidewalk. The witness lifted her left leg, and King struck the bottom of the witness's foot with the bumper of her vehicle.

King was charged with various offenses but pleaded no contest to a single count of assault with force likely to produce great bodily injury and admitted an aggravating factor that she had served a prior jail or prison term. (Cal. Rules of Court, rule 4.421(b)(3).) The remaining counts in the complaint were dismissed. Prior to taking her plea, the trial court notified King that the agreement called for one year in jail, two years of

_____

[1] The probation report was placed in the confidential clerk's transcript, but King cites and relies on these confidential materials without seeking to file her brief under seal. We treat this as a waiver of the confidentiality. (*People v. Coddington* (2000) 23 Cal.4th 529, 617, fn. 38, overruled on other grounds by *Price v. Superior Court* (2001) 25 Cal.4th 1046, 106 & fn. 13 & superseded by statute on other grounds as stated in *People v. Zamudio* (2008) 43 Cal.4th 327, 355–356; see Cal. Rules of Court, rule 8.47(c)(2) [to maintain confidentiality parties can move to file a document under seal].)

probation, and a restitution fund fine. The judge also told King that a different judge would sentence her and could reject the plea agreement.

The probation report prepared in advance of sentencing stated that King was transient, unemployed, and had no assets or verifiable income. Other than odd jobs cleaning homes, she had never been employed. She was interested in job training programs. King said that she was determined to work. In a letter from her attorney appended to the report, King asked the court to conduct an ability to pay hearing pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), disapproved in part by *Kopp*, *supra*, 19 Cal.5th at p. 23 & fn. 17, before imposing the court facilities and court operations assessments. King also requested pursuant to *Dueñas* that the execution of the restitution fine under section 1202.4 be stayed until after the court held an ability to pay hearing and found she could pay it.

At sentencing in June 2025, the trial court imposed the negotiated term of two years of formal probation, with one year in jail as a term of probation. It imposed a $300 restitution fund fine. It struck the "civil fee." By this the court apparently meant that it struck the court facilities and operations assessments, since those do not appear in the court's minute order.

## DISCUSSION

Section 1202.4, subdivision (b) states, "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons

3

on the record."  For a felony, the minimum fine is $300 and the maximum is $10,000.  (§ 1202.4, subd. (b)(1).)  Fines for a misdemeanor range from $150 to $1000.  (*Ibid.*)  Section 1202.4, subdivision (c) further provides, "The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.  A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine.  Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)."

The Supreme Court granted review in *Kopp* to resolve a disagreement among the Courts of Appeal about how to handle challenges to punitive fines imposed on criminal defendants.[2]  (*Kopp*, *supra*, 19 Cal.5th at p. 9.)  *Dueñas* had held that due process required a trial court to stay execution of a restitution fine until the People demonstrated that the defendant had the ability to pay the fine.  (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1172.)

*Kopp* disagreed and held that due process did not require an ability to pay hearing before imposing every punitive fine.  (*Kopp, supra*, 19 Cal.5th at p. 23.)  *Kopp* instructed instead that

---

[2] *Kopp*, *supra*, 19 Cal.5th at pages 14–15, 24–30, also considered the framework for challenges to ancillary costs, including court facilities and operations assessments under Government Code section 70373, subdivision (a)(1) and Penal Code section 1465.8, subdivision (a)(1), respectively.  Because the trial court did not impose such assessments here, we need not discuss this aspect of *Kopp*.

4

"the excessive fines analysis, which considers ability to pay, is the proper vehicle to challenge punitive fines." (*Ibid.*) The excessive fines analysis arises under the Eighth Amendment to the United States Constitution and article I, section 17 of the California Constitution. (*Id.* at pp. 11 & fn. 6, 23.) Following *United States v. Bajakajian* (1998) 524 U.S. 321, 327–328, our Supreme Court in *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 stated that four factors are relevant to determining whether a fine is unconstitutionally excessive: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." *Kopp* also observed that a fine is excessive only if it is grossly disproportional to the gravity of the offense that it punishes, a deferential standard that recognizes that the Legislature makes judgments in the first instance about the appropriate punishment for offenses and judicial determinations of the gravity of a particular criminal offense are inherently imprecise. (*Kopp*, at p. 23.) *Kopp* remanded to give the defendant the opportunity to raise such a challenge. (*Id.* at pp. 23–24.)

King contends that section 1202.4 is facially unconstitutional because it prohibits a trial court from considering a defendant's ability to pay the minimum $300 fine, while *Kopp* made clear that a defendant's ability to pay is one of the factors relevant to an excessive fines challenge. "[A] statute will be interpreted to avoid serious constitutional questions if such an interpretation is fairly possible." (*People v. Buza* (2018)

5

4 Cal.5th 658, 682.)  It would be remarkable and plainly unconstitutional for the Legislature to prohibit a trial court from considering a defendant's invocation of a constitutional right.  We will therefore not construe section 1202.4 as preventing defendants from raising an excessive fines challenge to the minimum fine.  Instead, we read the statute as simply establishing that as a statutory matter in the absence of an excessive fines challenge, a trial court cannot refrain from imposing the minimum $300 restitution fine based on a defendant's inability to pay alone.  This is congruent with *Kopp* and excessive fines analysis jurisprudence, which considers a defendant's ability to pay as one of four relevant factors, not as dispositive on its own.  (See *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, *supra*, 37 Cal.4th at p. 728; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1070 ["While ability to pay may be part of the proportionality analysis, it is not the only factor."]; *Kopp*, at p. 23 [citing *Aviles* with approval].)  As so construed, section 1202.4 does not prevent a trial court from considering a defendant's ability to pay, together with the other factors, when considering a defendant's excessive fines challenge to a $300 restitution fine.

In the alternative to vacating the restitution fine based on the unconstitutionality of section 1202.4, King asks us to remand to the trial court to hold a hearing to consider her ability to pay the fine.  Neither King nor the trial court had the benefit of *Kopp* when King was sentenced, so she did not present her challenge to the restitution fine through the proper excessive fines analysis

6

that *Kopp* makes clear is appropriate.  Accordingly, as *Kopp* itself did, we will remand this matter to the trial court to give King the "the opportunity to assert the legal analyses applicable to such a challenge and argue how the particular facts of this case inform such an inquiry."  (*Kopp, supra,* 19 Cal.5th at p. 23.)  We express no opinion on the proper outcome for this inquiry.[3]

**DISPOSITION**

The matter is remanded to the trial court to give King the opportunity to raise an excessive fines challenge to the restitution fine under section 1202.4.  In all other respects, the judgment is affirmed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

*People v. King* (A173729)

---

[3] Respondent briefly suggests that section 1202.4 is saved from any constitutional infirmity by section 1465.9, subdivision (d), which provides that any unpaid restitution fine "shall be unenforceable and uncollectible" 10 years after the date of imposition.  We express no opinion on the validity of this contention, which was raised in a single sentence in the respondent's brief and restated during oral argument.